OPINION
PER CURIAM.
Petitioner Shan Gui Chen, a native and citizen of China, entered the United States in September of 2004 along the Texas border. App. 294. On June 13, 2005, he filed an application for asylum under Immigration & Nationality Act (“INA”) § 208(a), 8 U.S.C. § 1158(a), for withholding of removal under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and for protection under the Convention Against Torture, 8 C.F.R. §§ 1208.16(c), 1208.18, claiming a fear of persecution on account of his opposition to China’s population control policies. In his asylum application, Shan Chen stated that his wife, Xi Yue Lin, gave birth to their second daughter, Chu Bing Chen, on June 27, 2000, following a Caesarean section at Liang Qi Hospital in Fu Zhou City (Fujian Province). App. 294. Without her knowledge, the doctor sterilized her at the time *389 of the delivery. On August 15, 2005, removal proceedings were initiated against Shan Chen when the Department of Homeland Security filed a Notice to Appear with the Immigration Court, charging that he was subject to removal pursuant to INA § 212(a)(6)(A)©, 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. Shan Chen admitted the allegations in the NTA and conceded remova-bility.
A hearing on the merits was held on December 12, 2006. At the hearing, Shan Chen testified that he and his wife, who has remained in China, were married in China on April 22, 1993. App. 70. They had two children together, both daughters. Id. at 71. Shan Chen testified that, following the birth of his second child on June 27, 2000, his wife was sterilized against her will following a Caesarean section procedure. Id. at 72-75. Neither he nor his wife knew that the sterilization procedure was going to be performed and they did not consent to it. Shan Chen remained in China for four more years until July 8, 2004. Id. at 77. He did not leave China immediately because his children were very young. Id. at 80. In support of his asylum application, Shan Chen submitted a letter from his wife, in which she stated that she was forcibly sterilized on June 27, 2000 following the birth of her second daughter by Caesarean section at Lang Qi Town Hospital. Id. at 227. The 2005 State Department Country Report on China also was made a part of the Administrative Record.
The Immigration Judge issued a decision at the end of the merits hearing, concluding that Shan Chen did not testify credibly and did not meet his burden of proof under the asylum statute. The IJ also denied withholding of removal, and found that Shan Chen failed to show that it was more likely than not that he would be tortured upon his return to China. The IJ doubted Shan Chen’s claim that his wife was forcibly sterilized,[1] because this testimony was belied by the country conditions evidence of record, and, although Shan Chen submitted an affidavit from his wife, the statements contained in it were nearly identical to those in his personal statement, which rendered it less trustworthy than it might have been otherwise. App. 37. The IJ ordered Shan Chen’s removal to China.
Shan Chen appealed to the Board of Immigration Appeals, challenging the IJ’s adverse credibility determination and assessment of country conditions in China. On October 31, 2008, the Board dismissed the appeal, concluding that, even assuming that Shan Chen testified credibly, he did not establish eligibility for asylum. Under Matter ofJ-S- 24 I. & N. Dec. 520 (A.G. 2008), which overruled Matter of S-L-L-, 24 I. & N. Dec. 1 (BIA 2006), and Matter of C-Y-Z-, 211. & N. Dec. 915 (BIA 1997), a husband like Shan Chen, who has not claimed or shown that he was forcibly sterilized, experienced harm because he refused to undergo sterilization, or demonstrated other resistance to China’s population control policies, is no longer automatically entitled to refugee status based solely on the forced sterilization of his wife. Accordingly, Shan Chen did not establish past persecution in China that would give rise to a presumption of a well-founded fear of persecution on the same basis. Furthermore, although he testified that he would continue to be harmed by China’s policies, the contention was vague, and the fact remained that he stayed in China for four years after his wife allegedly was forcibly sterilized, and had no further en *390 counters with Chinese authorities. The IJ’s withholding of removal and CAT determinations also were upheld. Shan Chen has timely petitioned for review of the Board’s decision.
We will deny the petition for review. We have jurisdiction under 8 U.S.C. § 1252(a)(1), (b)(1). Where the Board adopts the findings of the IJ and discusses some of the bases for the IJ’s decision, we have authority to review both decisions. Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir.2004). An applicant bears the burden of proving eligibility for asylum. Shardar v. Att’y Gen., 503 F.3d 308, 312 (3d Cir.2007). In the absence of evidence of past persecution, the applicant must demonstrate a subjective fear of persecution through credible testimony that his fear is genuine, Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir.2003), and the applicant must show that a reasonable person in his circumstances would fear persecution if returned to the country in question, see id. The Board’s findings in this regard “are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B). See also INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Under this deferential standard, Shan Chen must establish that the evidence does not just support a contrary conclusion but compels it. See Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir.2002).
The more exacting withholding of removal standard requires an alien to show by a “clear probability” that his life or freedom would be threatened on account of a protected ground in the proposed country of removal. INS v. Stevie, 467 U.S. 407, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984). See also INS v. Cardoza-Fonseca, 480 U.S. 421, 430, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987) (“would be threatened” standard has no subjective component). In making out a CAT claim, the burden of proof is on the applicant to establish that it is more likely than not that he would be tortured in his native country. 8 C.F.R. § 1208.16(c)(2).
Shan Chen contends in his brief on appeal that he has established a well-founded fear of persecution through his wife’s forced sterilization. In 1996, Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act (“IIRIRA”), which added the following language at the end of INA § 101(a)(42)’s definition of refugee:
For purposes of determinations under this chapter, a person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well-founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well-founded fear of persecution on account of political opinion.
INA § 101(a)(42), 8 U.S.C. § 1101(a)(42) (2009).
The Board previously held that, under INA § 101(a)(42), a husband who established that his wife underwent a forced abortion or sterilization was per se entitled to refugee status, see Matter of C-Y-Z-, 21 I. & N. Dec. 915, and Matter of S-LL-, 24 I. & N. Dec. 1. We extended Chevron deference[2] to this interpretation by the Board in Sun Wen Chen v. Attorney *391 General, 491 F.3d 100, 107-08 (3d Cir.2007). However, the Attorney General recently overruled Board precedent in Matter of J-S- 24 I. & N. Dec. 520, concluding that a proper reading of INA § 101(a)(42) does not encompass a per se entitlement to asylum for the spouses of those who have undergone a forced abortion or involuntary sterilization, id. at 529-30. Rather, the statute extends relief only to those who have actually undergone the procedures. See id.[3]
We independently reached the same conclusion with respect to the proper interpretation of the plain language of the statute in Lin-Zheng v. Attorney General, 557 F.3d 147, 157 (3d Cir.2009) (en banc) (overruling Sun Wen Chen). The statute is unambiguous and does not extend automatic refugee status to spouses. Id. at 156-57. Therefore, the experiences of one’s spouse are legally insufficient to establish eligibility for asylum. Id. at 156 (“Thus, there is no room for us to conclude that Congress intended to extend refugee status to anyone other than the individual who has either been forced to submit to an involuntary abortion or sterilization, has been persecuted for failure or refusal to undergo such a procedure, or has a well-founded fear of that occurring in the future”). The statute cannot be more clear in its reference to a person rather than a couple. See id.
Both Lin-Zheng and Matter of J-S- foreclose eligibility for asylum in Shan Chen’s case solely on the basis of his wife’s alleged forced sterilization. Shan Chen does not present any argument challenging Lin-Zheng’s interpretation of INA § 101(a)(42). Thus, he can only establish a basis for asylum if he shows that he suffered past persecution or has a well-founded fear of persecution in China on account of his “other resistance” to the Chinese government’s population control policies. Lin-Zheng, 557 F.3d at 157; Matter of JS- 24 I. & N. Dec. at 538. The phrase other resistance “covers a wide range of circumstances, including expressions of general opposition, attempts to interfere with enforcement of government policy in particular cases, and other overt forms of resistance to the requirements of the family planning law,” see Matter of S-L-L-, 24 I. & N. Dec. at 10, but Shan Chen produced no evidence of resistance on his part to China’s population control policies. Accordingly, the evidence does not compel the conclusion that he exercised “other resistance” to China’s population control policies. 8 U.S.C. § 1252(b)(4)(B).
In his brief, Shan Chen contends that his right to due process was violated because the change in the law deprived him of a full and fair hearing on the issues. See Pet’r Br. 8. Due process protections are afforded to aliens facing removal. See Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir.2001). “The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.” Id. We are not persuaded that due process requires a remand in Shan Chen’s case. Although the agency’s interpretation of INA § 101(a)(42) changed with respect to spousal eligibility, and we overruled Sun Wen Chen, an alien’s eligibility for asylum on the basis of “other resistance” has remained constant. The Board has long recognized, and it certainly did at the time of Shan Chen’s merits hearing, that an alien’s eligibility for asylum under INA § 101(a)(42) included eligibility for persecution or feared persecution on account of the alien’s other resistance to family planning policies. See, *392 e.g., Matter of J-S-, 24 I. & N. Dec. at 527; Li v. Att’y Gen. of U.S., 400 F.3d 157, 163 (3d Cir.2005). This part of INA § 101(a)(42) has been at all times relevant in Shan Chen’s case. Although he argues that his case should be remanded for consideration of the “other resistance” issue, he does not point to any evidence in the record that could support such a finding, nor does he allege any facts, not previously submitted, that could support such a finding. See 8 C.F.R. § 1003.2 (“A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material.”)
Substantial evidence also supports the Board’s determination that Shan Chen failed to demonstrate a well-founded fear of future persecution. He did not claim any personal harm arising from a violation of China’s population control policies, and he remained in China for four years after his wife’s alleged involuntary sterilization without further incident. See Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir.2005) (when family members remain in petitioner’s native country without meeting harm, and there is no individualized showing of persecution, the reasonableness of alien’s well-founded fear of persecution is diminished). Shan Chen contends in his brief that the 2005 Country Report for China refers to the detention of tens of thousands of individuals in population schools in Linyi, Shandong Province, for the purpose of forcing them or their relatives to submit to abortion or sterilization, see Pet’r Br. 7-8; App. 96, but he has not established that he and those individuals detained in population schools are similarly situated, or that there is any basis for him to be detained in one.
Because Shan Chen failed to show past persecution or a reasonable fear of future persecution under the lower burden of proof required for asylum, he is necessarily ineligible for withholding of removal. Cardoza-Fonseca, 480 U.S. at 430-32, 107 S.Ct. 1207. In addition, the record does not compel a conclusion that he met his burden of establishing that it is more likely than not that he will be tortured upon his return to China, 8 C.F.R. § 1208.16(c)(2).
For the foregoing reasons, we will deny the petition for review.

. The IJ did not seem to doubt that Shan Chen's wife had been sterilized. App. 44. There is evidence supporting that assertion in the record. App. 249, 252.

. We extend Chevron deference to "an agency’s construction of the statute which it administers.” Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

. The Attorney General further concluded that the statute’s underlying legislative and enforcement history did not support extending automatic refugee status to spouses. Id. at 538-42.